**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ANGEL HINDS KIRK, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No. 05-1199-MLB |
| ) | |
| NCI LEASING, INC., and NATIONAL ) | |
| CARRIERS, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the court on defendants' joint motion to dismiss. (Doc. 6). The motion has been fully briefed and is ripe for decision. (Docs. 7, 9, 11). Defendants' motion is granted in part and denied in part, for the reasons herein.

**I.   FACTS**

Plaintiff is a licensed commercial truck driver and resides in Texas. On November 9, 2001, plaintiff entered into a contract entitled "Independent Contractor Agreement and Equipment Lease" (IC Lease) with National Carriers, Inc. (National). The IC Lease did not contain a term, but could be terminated in accordance with the agreement. The termination clause stated that "[t]his Agreement may be terminated by either party with or without cause upon prior written notice of one (1) day to the other, provided, however, that Carrier [National] may terminate this Agreement at any time in the event of default by Independent Contractor [plaintiff]." (Doc. 1, exh. A at 2, 7).

Plaintiff then entered into an "Equipment Lease" on or about

November 10, 2001, with NCI Leasing, Inc. (NCI). The Equipment Lease stated that the term of the agreement was to begin on November 10 for a period of two hundred eight weeks. The agreement provided that in the event the IC Lease was terminated plaintiff "shall immediately return the equipment to [NCI] at [plaintiff's] expense to a place designated by [NCI]." (Doc. 1, exh. B at 1-2).

On September 16, 2002, plaintiff sustained a work related injury. Plaintiff performed her contractual duties until October 9, 2002. At that time, plaintiff turned in a notice of a workers' compensation claim. Plaintiff also informed National and NCI that she would take a leave to seek medical treatment. On October 10, 2002, plaintiff's contracts were terminated after she informed defendants that she was physically unable to work. (Doc. 1 ¶¶ 12-13).

Plaintiff filed a complaint on June 28, 2005, alleging breach of contract, wrongful termination, retaliatory discharge, defamation and civil conspiracy claims. Defendants move to dismiss the complaint in its entirety on the basis of improper venue, lack of subject matter jurisdiction and failure to state a claim.

**II.  Motion to Dismiss Standards: FRCP 12(b)(1)**

Federal courts are courts of limited jurisdiction, available to exercise their power only when specifically authorized to do so. See Sellens v. Telephone Credit Union, 189 F.R.D. 461, 465 (D. Kan. 1999). Pursuant to the Federal Rules of Civil Procedure, a party may move for dismissal based upon a court's "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The Tenth Circuit has noted that Rule 12(b)(1) motions may take on two forms, either a "facial" attack or a "factual" attack. See Holt v. United States, 46 F.3d 1000, 1003

(10th Cir. 1995).  A "facial" attack questions the sufficiency of the complaint whereas a "factual" challenge contests those facts upon which the subject matter rests.  <u>Bryce v. Episcopal Church in the Diocese of Colorado</u>, 121 F. Supp. 2d 1327, 1334 (D. Colo. 2000).

### III. Motion to Dismiss Standards: FRCP 12(b)(6)

The standards this court must utilize upon a motion to dismiss are well known.  This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive.  <u>See</u> <u>Ford v. West</u>, 222 F.3d 767, 771 (10th Cir. 2000); <u>Robinson v. Kansas</u>, 117 F. Supp.2d 1124, 1129 (D. Kan. 2000).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff.  <u>See</u> <u>Ford</u>, 222 F.3d at 771; <u>Davis v. United Student Aid Funds, Inc.</u>, 45 F. Supp.2d 1104, 1106 (D. Kan. 1998).  Conclusory allegations, however, have no bearing upon this court's consideration.  <u>See</u> <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); <u>Overton v. United States</u>, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999) (citing <u>Dunn v. White</u>, 880 F.2d 1188, 1190 (10th Cir. 1989)).  In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims.  <u>See</u> <u>Robinson</u>, 117 F. Supp.2d at 1129.

### IV. ANALYSIS

#### A. Improper Venue

Upon a challenge to venue, plaintiff has the burden of showing

that venue is proper. General Bedding Corp. v. Echevarria, 714 F. Supp. 1142, 1144 (D. Kan.1989). Generally, the plaintiff's choice of forum is given great deference. The burden on the party seeking to overcome the preference for the plaintiff's chosen forum is significant. "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." William A. Smith Contracting Co. v. Travelers Indem. Co., 467 F.2d 662, 664 (10th Cir. 1972). "The application of a forum selection clause by a federal court sitting in diversity is determined under federal rather than state law. M.K.C. Equip. Co., Inc. v. M.A.I.L. Code, Inc., 843 F. Supp. 679, 682 (D. Kan. 1994).

If the parties have previously agreed that litigation shall be conducted in a particular forum, pursuant to a valid forum selection clause, there is a strong presumption favoring venue in that forum. Id. "The venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." Id. at 683. The Tenth Circuit has held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342, 1346 (10th Cir. 1992). Freely negotiated agreements "unaffected by fraud, undue influence, or overweening bargaining power ... should be given full effect." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12-13 (1972). A party opposing the enforcement of a forum selection clause has the burden to clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching. Id. at 15.

Defendant asserts that the forum selection clause requires that

-4-

any action must be brought in a Kansas State court in Seward County, Kansas. Plaintiff responds that the clause is ambiguous since the word courts is used and, therefore, must include the federal courts.

The Tenth Circuit, in an opinion issued this month, held that the phrase "courts of the State of Colorado" is not ambiguous and does not include federal courts. American Soda, LLP v. U.S. Filter Wastewater Group, Inc., ---F.3d---, 2005 WL 2972844, *4 (10th Cir. Nov. 7, 2005). The circuit held that federal courts are not courts of a State, but rather courts of the United States of America. Id. Accordingly, the term "courts" in the forum selection clause does not render the clause ambiguous since the federal court sitting in the District of Kansas is not a court of Seward County, Kansas. "For federal court purposes, venue is not stated in terms of counties. Rather, it is stated in terms of judicial districts." Id.; see also 28 U.S.C. § 1391. Because the language of the clause is unambiguous and refers only to a specific county, not to a specific judicial district, the court concludes venue is intended to lie only in Kansas state court. Excell, Inc., 106 F.3d at 321; see also Intermountain Sys., Inc. v. Edsall Constr. Co., 575 F. Supp. 1195, 1198 (D. Colo. 1983) (finding that forum selection clause providing that "venue shall be in Adams County, Colorado," could not be construed to allow removal to federal district court in Colorado).

Forum selection clauses are often classified as either mandatory or permissive. Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d 318, 321 (10th Cir. 1997). "Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum." Id. (internal quotations

omitted). In contrast, permissive forum selection clauses "authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." Id.

The clause in the Equipment Lease provides that "suit must be brought in Seward County, Kansas and the parties hereto agree that jurisdiction will reside in such courts for any matters pertaining to this agreement." (Doc. 1, exh. B at 7). In giving the language of the clause its plain meaning, the court concludes the clause is mandatory and requires that all disputes arising out of or related to the Agreement be brought and litigated in Seward County, Kansas.

Because the court concludes the language of the form selection clause is clear and mandatory, the only way for plaintiff to avoid the effect of the clause is to demonstrate it is unfair or unreasonable, or that it is invalid. Plaintiff has failed to do so. Plaintiff's only position is that it would be against public policy to preclude her from filing suit in federal court. Plaintiff has not demonstrated that the forum is unfair or unreasonable.

Venue, however, is proper for National. The IC Lease provides that any action arising from the lease be instituted "in any Federal court in the State of Kansas or in Kansas District Court in Seward County." (Doc. 1, exh. A at 8).

Plaintiff's claims against NCI are accordingly dismissed for improper venue.

**B.   Subject Matter Jurisdiction**

Defendant next asserts that plaintiff's claims must be dismissed for lack of subject matter jurisdiction since plaintiff cannot, in good faith, meet the amount in controversy requirement. Defendant

-6-

argues that since the contracts were terminable at-will plaintiff's damages would be minimal.

The amount in controversy requirement is determined at the time the complaint was filed. <u>Watson v. Blankinship</u>, 20 F.3d 383, 387 (10th Cir. 1994). The dismissal of certain claims, which may reduce the amount of recovery, does not necessarily destroy jurisdiction. <u>Id.</u> "When deciding whether the amount in controversy is adequate, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. In other words, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." <u>State Farm Mut. Auto. Ins. Co. v. Narvaez</u>, 149 F.3d 1269, 1271 (10th Cir. 1998)(internal citations omitted).

"Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction." <u>Woodmen of World Life Ins. Society v. Manganaro</u>, 342 F.3d 1213, 1216-17 (10th Cir. 2003). In this case, plaintiff has asserted damages in the amount of $500,000. Plaintiff has alleged that defendants breached the contract in bad faith, wrongfully terminated her employment, discharged her in retaliation for filing her workers' compensation claim, defamed her and conspired against her. Defendants point only to the terms in the contract to support their position. Plaintiff, however, has asserted tort claims that are independent of her contract with defendants. Defendant has failed to provide any evidence to support that plaintiff's tort claims would not meet the amount in controversy requirement. Accordingly, defendants' motion to dismiss for lack of subject matter jurisdiction

is denied.

### C. Breach of Contract and Wrongful Termination

National moves for dismissal of plaintiff's breach of contract and wrongful termination claims on the basis that they are redundant and fail as a matter of law since the terms of the contract provided for termination with or without cause. Even though National has moved for dismissal pursuant to Rule 12(b)(6) the court may consider the IC Lease without converting defendant's motion to dismiss into one for summary judgment since the IC Lease was attached to the plaintiff's complaint as an exhibit. Fed. R. Civ. P. 10(c); Hall v. Bellmon, 935 F.2d 1106, 1112 (10th Cir. 1991).

Both plaintiff's breach of contract and wrongful termination claims state essentially the same allegations. Plaintiff's breach of contract claim states the following:

> 24. Defendant National Carriers, Inc. entered into an independent contractor agreement and equipment lease contract with plaintiff which it unilaterally breached and terminated without just cause or excuse.
> 25. Plaintiff complied with all terms and conditions of said contract and satisfactorily and properly performed all requirements under said contract.
> 26. Defendant National Carriers, Inc. breached its contract with plaintiff.
> 27. Defendant National Carriers, Inc.'s breach was wrongful and without just cause or excuse.
> 28. As a result of defendant National Carriers, Inc.'s breach of contract with plaintiff, plaintiff has suffered damages in an amount $500,000 for lost, income, lost benefits and other related damages.

(Doc. 1 at 6-7).

Plaintiff's wrongful termination claim states the following:

> 36. Defendant National Carriers, Inc. entered into an independent contractor agreement and equipment lease contract with plaintiff.
> 37. Plaintiff complied with all terms and conditions of said contract and satisfactorily and properly performed

>     all requirements under said contract.
>         38. Defendant National Carriers, Inc. failed and
>     refused to follow the terms and conditions which were a
>     part of the contract and rights granted to plaintiff under
>     the terms and conditions of the contract.
>         39. Defendant National Carriers, Inc.'s termination of
>     plaintiff's contract was wrongful, conducted with bad faith
>     and a lack of fair dealing required under the law, and
>     without just cause or excuse.
>         40. As a result of defendant National Carriers, Inc.'s
>     wrongful termination of plaintiff, plaintiff has suffered
>     damages in an amount $500,000 for lost, income, lost
>     benefits and other related damages.

(Doc. 1 at 8-9).

Plaintiff basically asserts that defendant has breached the IC Lease because it terminated her for filing a workers' compensation claim. To state a claim for breach of contract under Kansas law, plaintiff must allege "(1) the existence of a contract between the parties; (2) consideration; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) defendant's breach of the contract; and (5) that plaintiff was damaged by the breach." Britvic Soft Drinks Ltd. v. Acsis Techs., Inc., 265 F. Supp.2d 1179, 1187 (D. Kan. 2003). To establish her claim for both breach of contract and wrongful termination of a contract, plaintiff has set forth essentially identical allegations. Accordingly, plaintiff's claims appear to be repetitive. On or before December 9, 2005, plaintiff must show cause why she should not be required to elect between the two claims or she must make an election. If plaintiff believes she is not required to elect, defendant shall respond on or before December 23, 2005. No reply shall be filed.

Defendant further asserts that the breach of contract claim must be dismissed because the contract was terminable at will. Plaintiff's complaint has alleged that defendant immediately terminated her

-9-

contract upon learning of her inability to work.  The IC Lease requires that National give one day notice, in writing, of its intent to terminate.  Construing all allegations in the light most favorable to plaintiff, the court cannot conclude that plaintiff has failed to state a claim.

### D.   Retaliatory Discharge

Plaintiff's fifth claim alleges that National fired her and terminated the IC Lease in retaliation of plaintiff's filing for workers' compensation.  Defendant moves to dismiss this claim as barred under the statute of limitations.  Plaintiff responds that her claim arises from a contract and, therefore, is not barred.

The nature of a claim is determined from the pleadings and from the real nature and substance of the facts therein alleged. <u>Malone v. University of Kansas Medical Center</u>, 220 Kan. 371, 374, 552 P.2d 885, 888 (1976).

> A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement. A tort, on the other hand, is a violation of a duty imposed by law, a wrong independent of contract. Torts can, of course, be committed by parties to a contract. The question to be determined here is whether the actions or omissions complained of constitute a violation of duties imposed by law, or of duties arising by virtue of the alleged express agreement between the parties.

<u>Id.</u>

Plaintiff's allegations clearly state that National's conduct violated Kansas law, not a provision in the contract.  Clearly, according to the IC Lease, National could terminate the contract for any reason.  Plaintiff's cause of action does not arise from the IC Lease; rather "it arises from a duty imposed by law based upon public policy preventing an employer from wrongfully discharging an employee

in retaliation for filing a workmen's compensation claim. <u>Murphy v. City of Topeka-Shawnee County Dept. of Labor Servs</u>., 6 Kan. App.2d 488, 493, 630 P.2d 186, 190 (Kan. Ct. App. 1981). The existence of a contractual relationship between the parties does not change the nature of plaintiff's action. <u>Id.</u> Plaintiff cannot "characterize a tort action as one in contract in order to avoid the bar of the statute of limitations." <u>Malone</u>, 220 Kan. at 376, 552 P.2d at 889.

Plaintiff's claim for retaliatory discharge is thus governed by K.S.A. 60-513(4) which provides a two year statute a limitations. Plaintiff was discharged on October 10, 2002. Plaintiff's claim was filed June 28, 2005, more than eight months after the statute of limitations expired. Plaintiff's claim for retaliatory discharge is therefore dismissed.

### E. Defamation

> The question of whether a state law defamation claim has been sufficiently pled in a federal diversity case is a procedural one governed by Fed. R. Civ. P. 8. Instead of enforcing the state's technical pleading requirements, the federal court determines whether a short and plain statement of the claim showing entitlement to relief has been pled.
>
> * * *
>
> In the context of a defamation claim, Fed. R. Civ. P. 8(a) requires that the complaint provide sufficient notice of the communications complained of to allow [the defendant] to defend itself. There is a significant exception to the general rule of liberally construing a complaint in applying rule 12(b)(6): when the complaint attempts to state a "traditionally disfavored" cause of action, such as defamation, courts have construed the complaint by a stricter standard.

<u>Bushnell Corp. v. ITT Corp.</u>, 973 F. Supp. 1276, 1287 (D. Kan. 1997)(internal citations omitted).

The allegations contained in plaintiff's complaint are not sufficient. Plaintiff has failed to allege the contents of the

-11-

statements, who made the statements and to whom the statements were made. The complaint also fails to give a time frame for the alleged statements. The time frame is crucial since plaintiff was terminated approximately two and one half years before the filing of the complaint and the statute of limitations for the tort of defamation is only one year. Plaintiff did not give defendant "sufficient notice of the communications complained of to allow defendant to answer and defend this claim." Id.

Since this deficiency is procedural, plaintiff is permitted to amend her complaint to allege additional, clarifying facts with respect to her defamation allegation. Id. Defendant's motion is denied as it relates to this claim, provided an amended complaint is filed on or before December 7, 2005.

### F. Civil Conspiracy

"To state a claim for civil conspiracy under Kansas law, a plaintiff must allege facts sufficient to establish five elements: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds in the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." 1126 Carson v. Lynch Multimedia Corp., 123 F. Supp.2d 1254, 1261 (D. Kan. 2000). Plaintiff's civil conspiracy claim alleges that both National and NCI conspired to terminate her contract, discharge her in retaliation for filing a workers' compensation claim and defame her.

Defendant asserts that plaintiff's claim must be dismissed since it can only be actionable if it is based on an underlying tort and plaintiff's tort claims are barred by the statute of limitations.

Defendant is incorrect. Civil conspiracy can be predicated on a breach of contract claim. Indy Lube Investments, L.L.C. v. Wal-Mart Stores, Inc., 199 F. Supp.2d 1114, 1126 (D. Kan. 2002). Plaintiff's claim, however, cannot be based on her retaliatory discharge since that claim is time barred. Plaintiff's claim can be based on her defamation allegations as long as she complies with the court's order to amend her complaint, supra.

Defendant's motion to dismiss plaintiff's conspiracy claim for failure to state a claim is accordingly denied.

**V.　CONCLUSION**

Defendant's motion to dismiss plaintiff's claims against NCI for improper venue is granted. Defendant's motion to dismiss for lack of subject matter jurisdiction is denied. Defendant's motion to dismiss plaintiff's breach of contract, wrongful termination and defamation is denied pending plaintiff's filing of an amended complaint. Defendant's motion to dismiss plaintiff's civil conspiracy claim is denied. Defendant's motion to dismiss plaintiff's retaliatory discharge claim is granted.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or

argued is inappropriate.  Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

    IT IS SO ORDERED.

    Dated this __21st__ day of November 2005, at Wichita, Kansas.

                                        s/ Monti Belot
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE